ROBERT J. SIDLE, JR. and SANDRA L. SIDLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sidle v. Commissioner
Docket No. 22118-81.
United States Tax Court
T.C. Memo 1982-124; 1982 Tax Ct. Memo LEXIS 625; 43 T.C.M. (CCH) 762; T.C.M. (RIA) 82124; March 15, 1982. Robert J. Sidle, Jr. and Sandra L. Sidle, pro se. David W. Johnson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted, filed on September 28, 1981, pursuant to Rule 40 [1] and heard on October 19, 1981. Petitioners Robert J. Sidle, Jr. and Sandra L. Sidle, husband and wife, resided in Austin, Texas, on the date they filed their petition in this case. They filed a joint Federal income tax return with the Internal Revenue Service for the *626 taxable year 1979. Respondent determined a deficiency in petitioners' 1979 Federal income tax in the amount of $ 2,691 and an addition to tax under section 6653(a) [2] in the amount of $ 134.55. The only income adjustments determined by respondent in his deficiency notice were for wages received by Robert J. Sidle, Jr. and Sandra L. Sidle during 1979, according to W-2 forms, of $ 10,152.58 and $ 9,618.30, respectively. The deficiency notice stated that petitioners had reported only $ 3,154.18 as their adjusted gross income on their 1979 return. Respondent also determined that petitioners were not entitled to a claimed dependency exemption, due to lack of substantiation. Petitioners filed a timely petition with this Court. Their petition gave the following statement of their position: Petitioners Disagree with Notice of Deficiency in Total (See Attached Petition) Notwithstanding the parenthetical language on the petition, the only item attached thereto was a document entitled "Brief for Petitioners." This document asserted frivolous constitutional objections which this Court has consistently *627 rejected on many prior occasions. [3] See , affd. in unpublished opinion ; , affd. without opinion . Rule 34(b) provides, in pertinent part, that the petition in a deficiency action shall contain: (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. * * * (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *. No justiciable error has been alleged by petitioners in their petition with respect to respondent's determination of the deficiency or addition to tax, and no facts in support of such error are contained therein. *628 Rule 34(b). Instead, the petition filed herein asserts frivolous constitutional objections which fail to state a claim upon which relief can be granted. [4] See . Accordingly, respondent's motion is granted. See Rules 40 and 53. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all Rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. For example, wages are not income and the tax laws are violative of the United States Constitution. Under section 61(a)(1), petitioners clearly are required to include wages in gross income. See also .↩
4. See also .↩